WEN ZUAN LIN, a.k.a. Wen
Juan Lin, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 08–0448–ag.

United States Court of Appeals,
Second Circuit.

Feb. 18, 2009.

Feng Li, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Emily Anne Radford, Assistant Director, Patrick J. Glen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen Zuan Lin, a native and citizen of China, seeks review of a January 7, 2008 order of the BIA affirming the February 2, 2006 decision of Immigration Judge ("IJ") Sandy Hom denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Wen Zuan Lin,* No. A 97 658 353 (B.I.A. Jan. 7, 2008), *aff'g* No. A 97 658 353 (Immig. Ct. N.Y. City Feb. 2, 2006). We assume the par-

ties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Lin's petition for review raises no argument that is properly before this Court. Before the agency, Lin made an asylum claim based on her alleged persecution on account of her political opinion. Before this Court, however, Lin's argument relates only to her purported persecution as a member of a particular social group, a claim she did not present to the agency. Because, Lin fails to challenge the agency's denial of her asylum claim on account of her political opinion-which was the original basis of her asylum application-she has waived any such argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

As to Lin's social group claim, we decline to consider that unexhausted argument. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Lin's failure to challenge the actual basis for the agency's denial of relief is fatal to her petition to the extent it challenges the denial of asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Further, because Lin failed to challenge the agency's denial of her request for CAT relief before either the BIA or this Court, she has abandoned that claim. *See Gui Yin Liu v. INS,* 508

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

F.3d 716, 723 n. 6 (2d Cir.2007); *see also Yueqing Zhang v. Gonzales,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).